**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Maron,<br><br>        Plaintiff,<br>vs.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-18-00194-PHX-SPL<br><br>**ORDER** |

Plaintiff Joshua Maron seeks judicial review of the denial of his application for disability insurance benefits under the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff argues that the Administrative Law Judge ("ALJ") erred by: (1) finding certain impairments were not severe; (2) failing to consider Plaintiff's obesity in determining his residual functional capacity ("RFC"); and (3) rejecting Plaintiff's subjective complaints (Doc. 15 at 6-7).

A person is considered "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration's decision to deny benefits should be upheld unless it is based on legal error or is not supported by substantial evidence. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss*

*v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citation omitted). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted). The Court must review the record as a whole and consider both the evidence that supports and the evidence that detracts from the ALJ's determination. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## I. DISCUSSION

### A. IMPAIRMENT SEVERITY

#### 1. PHYSICAL IMPAIRMENTS

Plaintiff first argues that the ALJ erred in finding his tinnitus, arthopathies, hernia, gastroesophageal reflux disease, hypertension, fatigue, and non-insulin dependent diabetes mellitus were not severe (Doc. 15 at 7). At step two of the sequential evaluation process, the ALJ considers the medical severity of the claimant's impairments. 20 C.F.R. § 404.1520(a)(ii). This step is essentially "a de minimis screening device [used] to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Id*.

In arguing that the ALJ erred in finding his tinnitus, arthopathies, hernia, gastroesophageal reflux disease, hypertension, fatigue, and non-insulin dependent diabetes mellitus were not severe, Plaintiff simply counts the number of times those diagnoses were listed in the record (Doc. 15 at 2-3; Doc. 19 at 2-3). Frequency, however, does not equate to *severity* of symptoms, or provide the ALJ with evidence establishing more than "a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen*, 80 F.3d at 1290. Accordingly, the Court finds the ALJ did not err in finding those impairments to be not severe. *See* 20 C.F.R. § 404.1521.

#### 2. MENTAL IMPAIRMENTS

Plaintiff next argues that the ALJ also erred at step three of the sequential evaluation process in finding Plaintiff did not have an impairment that meets the severity of any listing

in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Doc. 15 at 8). *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (stating that if the criteria of a listing are met, "the claimant is automatically presumed disabled"). An impairment is satisfied by a showing of an extreme limitation in one area of mental functioning, or a marked limitation in two areas of mental functioning. Plaintiff specifically argues the ALJ erred in finding he did not have marked difficulties in maintaining social functioning and maintaining concentration (Doc. 15 at 8). A "marked" limitation falls between moderate and extreme on a five-point scale (no limitation, mild limitation, moderate limitation, marked limitation, or extreme limitation).

Although there is documentation of anxiety and anger issues, the record contains evidence that Plaintiff's social functioning was not a marked limitation. For example, in a September 2014 behavioral health and medical history questionnaire, Plaintiff stated "[he] can sometimes be outgoing and sometimes shy." (AR 686). In addition, he stated that "in a social sense [he is] shy at first until [he] get[s] to know the person but performing in front of people [he is] fine. [He] love[s] being around people, but [he doesn't] like crowds of people." (AR 686). There is also evidence that Plaintiff acted and participated in a church play (AR 171, 769), attended and was involved with his church (AR 145, 665, 770), and occasionally participated in a singles group (AR 143, 170, 665). Accordingly, there is evidence in the record to support the ALJ's finding that Plaintiff's limitation in social functioning was a moderate limitation.

With respect to concentration, persistence, or pace, the ALJ found that despite Plaintiff's complaints of stress, anxiety, and post-traumatic stress disorder, the record contained sufficient evidence to show he could perform simple tasks requiring sustained concentration (AR 56). The ALJ noted that Plaintiff's ability to concentrate was demonstrated by his enjoyment in watching television and reading, (AR 715, 802), and although a psychological evaluation further noted he could be tangential at times, Plaintiff was able to follow simple instructions (AR 667; *see also* AR 154; AR 175 (a disability determination explanation finding Plaintiff's difficulties in maintaining concentration,

persistence or pace to be "moderate"). The Court thus finds the ALJ did not err in finding Plaintiff's concentration, persistence, or pace to be a moderate limitation.

## B. CONSIDERATION OF OBESITY

Plaintiff argues that the ALJ erred in not considering the impact of obesity in his RFC (Doc. 15 at 8). An RFC assessment "must consider an individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis." *Burch*, 400 F.3d at 683 (quoting Titles II & XVI: Evaluation of Obesity, Social Security Ruling ("SSR") 02-1P, 2002 WL 34686281, at *6 (Sept. 12, 2002)). "Obesity can cause limitation of function" and "[t]he effects of obesity may not be obvious." *Id.* "An individual may have limitations in any of the exertional functions such as sitting, standing, walking, lifting, carrying, pushing, and pulling. It may also affect ability to do postural functions, such as climbing, balance, stooping, and crouching." *Id.*

Here, the Court finds that the ALJ properly considered Plaintiff's obesity in his RFC determination. First, the ALJ noted that "[t]he record reflects persistent obesity" and found the impairment was "severe" at step-two of the sequential evaluation process (AR 54). In addition, in assessing Plaintiff's RFC, the ALJ relied on the opinions of State Agency physicians (AR 59) Sharon Keith (AR 126-128) and Charles Fina (AR 148-151), both of whom explicitly noted Plaintiff's obesity in their evaluations (AR 128, 150). *See Pepper v. Colvin*, 712 F.3d 351, 364 (7th Cir. 2013) (noting that the failure to discuss functional limitations resulting specifically from obesity "may be harmless when the RFC is based on limitations identified by doctors who specifically noted obesity as a contributing factor to the exacerbation of other impairments."); *Arnett v. Astrue*, 676 F.3d 586, 593 (7th Cir. 2012) (noting "error could conceivably be harmless if the ALJ indirectly took obesity into account by adopting limitations suggested by physicians who were aware of or discussed [the claimant's] obesity."). Accordingly, the Court finds the ALJ properly incorporated Plaintiff's obesity into his RFC.

## C. PLAINTIFF CREDIBILITY

Finally, Plaintiff argues the ALJ erred in rejecting Plaintiff's subjective complaints.

In evaluating a claimant's testimony, the ALJ is required to engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ must decide whether the claimant has presented objective medical evidence of an impairment reasonably expected to produce some degree of the symptoms alleged. *Id*. If the first test is met and there is no evidence of malingering, the ALJ can reject the testimony regarding the severity of the symptoms only by providing specific, clear, and convincing reasons for the rejection. *Id*. "In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering claimant's reputation for truthfulness and inconsistencies in claimant's testimony." *Burch*, 400 F.3d at 680. Here, the ALJ found Plaintiff's medical impairments could reasonably be expected to cause some of the alleged symptoms, but concluded that his statements as to the intensity or limiting effects of those symptoms were not entirely consistent with the record (AR 58).

Plaintiff alleges the ALJ erred in discrediting Plaintiff's pain and symptom testimony because it was inconsistent with Plaintiff's daily activities and hearing observations (Doc. 15 at 8-9). "Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination." *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014). Plaintiff alleged that as the result of pain, he had difficulty completing simple tasks (AR 347, 356, 364, 371), fatigued easily within 15-20 minutes (AR 356-357, 364, 370), suffered from excessive pain within 10-15 minutes of any activity (AR 374), suffered from loneliness (AR 404), and had difficulty walking, standing, and sitting (AR 359). Despite these allegations, the ALJ found Plaintiff was encouraged to increase his physical activity to improve chronic pain (AR 857), acted and participated in a church play (AR 171, 769), attended church weekly (AR 665, 770), prepared light meals (AR 166), did light chores (AR 664), did light yard work (AR 166), exercised (AR 142, 168, 486, 510, 862), and occasionally participated in a singles group (AR 143, 170, 665). In addition, the ALJ also noted that during a June 2014 psychological consultative examination, Plaintiff reported he was suffering a "10/10 pain level" (AR 663). The ALJ stated that "[f]rom a common sense standpoint," a person suffering at that level "should be

5

immediately seeking medical assistance," but that Plaintiff proceeded with the interview in light of his claim (AR 59). The Court finds that the record thus provided the ALJ with sufficient evidence to conclude that Plaintiff's activities and conduct were incompatible with the severity of the symptoms alleged. To hold otherwise would require this Court to reweight the evidence and arrive at a different conclusion. *See Sandgathe v. Charter*, 108 F.3d 978, 980 (9th Cir. 1997) (finding the Court must uphold the ALJ's determination even when "the evidence is susceptible to more than one rational interpretation."). The Court is unable to do so.[1]

To the extent Plaintiff cites to *Perminter v. Heckler*, 765 F.2d 870 (9th Cir. 1985) to argue the ALJ erred in reflecting on hearing observations and noting that Plaintiff "seemed to retain an adequate ability to hear and communicate at the hearing," (AR 55) the Court finds Plaintiff's reliance to be misplaced. In *Perminter*, the Ninth Circuit found the ALJ improperly relied on personal observations during the hearing to *deny benefits*, despite evidence to the contrary. Here, on the other hand, the ALJ used those observations as a basis for discounting Plaintiff's *credibility*. Because *Perminter* is distinguishable, the Court finds no error. Accordingly,

**IT IS ORDERED** that the final decision of the Commissioner of Social Security Administration is **affirmed**.

///
///
///
///
///
///

---

[1] Because the Court finds the ALJ provided specific, clear, and convincing reasons for rejecting Plaintiff's testimony based on daily activities and conduct, the Court does not address the other justifications provided in the decision. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("[A]n ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record.").

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and terminate this case.

Dated this 26th day of September, 2019.

_____
Honorable Steven P. Logan
United States District Judge